UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY FORGE INSURANCE COMPANY,<br><br>Defendant. | Case No.: 7:17-cv-3016<br><br>**COMPLAINT** |

Plaintiff Houston Casualty Company (hereinafter "Plaintiff"), by and through its undersigned counsel, files this complaint against Defendant Valley Forge Insurance Company ("Defendant"), and in support hereof alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action for equitable contribution and unjust enrichment to recover amounts it paid to cover losses incurred by Plaintiff's and Defendant's mutual insured, Steven-Robert Originals, LLC ("SRO"). Plaintiff and Defendant each issued insurance policies providing concurrent coverage for those losses. Plaintiff paid the entirety of those losses, while Defendant has paid none. Accordingly, Plaintiff seeks an order requiring Defendant to reimburse Plaintiff for its equitable share of Plaintiff's and Defendant's mutual obligations to SRO.

## PARTIES

2. Plaintiff Houston Casualty Company is a Texas corporation with its principal place of business in Houston, TX.

3. Defendant Valley Forge Insurance Company is a Pennsylvania corporation with its principal place of business in Chicago, IL. Upon information and belief, Defendant is authorized to transact business and does transact business in New York State, including in the counties of Dutchess, Orange, Putnam, Rockland, Sullivan and/or Westchester.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 USC §§ 2201 and 1332. Plaintiff is a citizen of Texas and Defendant is a citizen of Pennsylvania and Illinois.

5. An actual controversy of a justiciable nature exists between Plaintiff and Defendant regarding whether Defendant is obligated to reimburse Plaintiff for losses paid by Plaintiff to their mutual insured.

6. The amount in controversy with respect to the Plaintiff's claim for relief exceeds the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.

7. Venue is appropriate in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391 (b)(1) and (c)(2) because Defendant resides in this District

8. Venue is proper in the White Plains division under Local Rule 18 because the Defendant resides in the counties of Dutchess, Orange, Putnam, Rockland, Sullivan and/or Westchester.

## THE POLICIES

9. Plaintiff issued Product Contamination Policy No. H715-80262, effective September 1, 2015 to September 1, 2016 to SRO (the "HCC Policy").

10. Defendant issued a combination Business Property and General Liability Policy No. 5086485927, effective September 1, 2015 to September 1, 2016 (the "Valley Forge Policy").

## THE SUBJECT LOSSES

11. SRO provides desserts to food service and retail in-store bakeries. SRO is headquartered at 2780 Tower Road, Aurora, Colorado ("Colorado Plant"), and operates a secondary plant at 701 South Jones Street, Pembroke, North Carolina ("Pembroke Plant"). During the relevant period, SRO supplied brownies to Yum! Brands, Inc.'s "Pizza Hut" restaurants ("Pizza Hut").

12. In February and March of 2016, two Pizza Hut customers found pieces of metal blade in brownies purchased on Pizza Hut restaurants and originating from SRO's Pembroke Plant (the "Metal Incident").

13. Following the Metal Incident, Pizza Hut destroyed unsold SRO brownies in its possession upon concerns that other brownies had been similarly contaminated at SRO's Pembroke Plant (the "Metal Product Loss").

14. On or about July 5, 2016, a Pizza Hut customer found a piece of rubber gasket in a brownie produced at SRO's Colorado Plant (the "Gasket Incident").

15. Following the Gasket Incident, Pizza Hut destroyed unsold SRO brownies in its possession upon concerns that other brownies had been similarly contaminated at SRO's Colorado Plant (the "Gasket Product Loss").

16. SRO submitted the Metal Product Loss and the Gasket Product Loss, among other losses and expenses relating to the Metal Incident and the Gasket Incident, for coverage under both the HCC Policy and the Valley Forge Policy.

17. On January 5, 2017, Plaintiff adjusted and paid $363,687 for the Metal Product Loss and $496,283 for the Gasket Product Loss, after application of the HCC Policy's self-insured retention. Plaintiff also adjusted and paid an additional $150,142 to cover other losses and expenses associated with the Metal Incident and the Gasket Incident.

18. The Valley Forge Policy also provides coverage for the Metal Product Loss and the Gasket Product Loss, as well as other expenses and losses related to the Metal Incident and the Gasket Incident.

19. Upon information and belief, Defendant has not paid any portion of the Metal Product Loss or the Gasket Product Loss.

20. Defendant has not taken a final position with respect to whether the Metal Product Loss or the Gasket Product Loss is covered under the Valley Forge Policy, despite being in possession of all relevant available information for several months.

21. Despite repeated demands, Defendant has refused to reimburse Plaintiff for any portion of Plaintiff's payments relating to the Metal Incident and the Gasket Incident, including the Metal Product Loss and the Gasket Product Loss.

## COUNT I: EQUITABLE CONTRIBUTION

22. Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Plaintiff paid $832,970 combined to cover the Metal Product Loss and the Gasket Product Loss.

24. Plaintiff also adjusted and paid an additional $150,142 to cover other losses and expenses associated with the Metal Incident and the Gasket Incident.

25. Plaintiff made these $983,112 in payments pursuant to its obligations under the HCC Policy and did not act as a volunteer in doing so.

26. The losses covered by Plaintiff, including but not limited to the Metal Product Loss and the Gasket Product Loss, were also covered under the Valley Forge Policy.

27. Defendant has not paid any amounts toward the Metal Product Loss or the Gasket Product Loss.

28. Defendant has not reimbursed Plaintiff for any portion of the amounts Plaintiff has paid to cover losses associated with the Metal Incident and the Gasket Incident.

29. Thus, Plaintiff has paid more than its fair share of losses for which Plaintiff and Defendant are mutually responsible.

30. Accordingly, Plaintiff is entitled to equitable contribution from Defendant.

## COUNT II: UNJUST ENRICHMENT

31. Plaintiff incorporates the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Plaintiff paid $832,970 combined to cover the Metal Product Loss and the Gasket Product Loss.

33. Plaintiff also adjusted and paid an additional $150,142 to cover other losses and expenses associated with the Metal Incident and the Gasket Incident.

34. Plaintiff made these payments pursuant to its obligations under the HCC Policy and did not act as a volunteer in doing so.

35. The losses covered by Plaintiff, including but not limited to the Metal Product Loss and the Gasket Product Loss, were also covered under the Valley Forge Policy.

36. Defendant has not paid any amounts toward the Metal Product Loss or the Gasket Product Loss.

37. Defendant has not reimbursed Plaintiff for any portion of the amounts Plaintiff has paid to cover losses associated with the Metal Incident and the Gasket Incident.

38. By paying SRO's losses associated with the Metal Incident and the Gasket Incident, including but not limited to the Metal Product Loss and the Gasket Product Loss, Plaintiff discharged the mutual obligation of Plaintiff and Defendant, thereby conferring a benefit on Defendant at the unfair expense of Plaintiff.

39. Under the circumstances, it would be unjust for Defendant to retain the benefit without commensurate compensation to Plaintiff.

40. Accordingly, Defendant is liable to Plaintiff for damages in the amount by which Defendant was unjustly enriched.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

(1) Ordering Defendant to pay damages to Plaintiff in an amount comprising Defendant's equitable share of losses covered by both the HCC Policy and the Valley Forge Policy;

(2) Ordering Defendant to pay damages to Plaintiff in the amount by which Defendant has been unjustly enriched through Plaintiff's payment of losses covered by both the HCC Policy and the Valley Forge Policy;

(3) For prejudgment and postjudgment interest at the maximum legal rate;

(4) For costs of suit; and

(5) For such other relief as the Court deems just and proper.

## **JURY DEMAND**

Houston Casualty Company demands a trial by jury on all issues of fact, if any.

DATED this 25th day of April, 2017.

        COZEN O'CONNOR

        By:   */s/ Elan Kandel*
            Elan Kandel
            Jonathan Toren, *Pro Hac Vice Pending*
            COZEN O'CONNOR
            45 Broadway, 16th Floor
            New York, NY 10006
            Telephone: 212.509.9400
            Toll Free Phone: 800.437.7040
            Facsimile: 212.509.9492

            *Attorneys for Plaintiff*
            *Houston Casualty Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

DATED this April 25, 2017

          COZEN O'CONNOR

By:   */s/ Elan Kandel*
      Elan Kandel
      Jonathan Toren, *Pro Hac Vice Pending*
      COZEN O'CONNOR
      45 Broadway, 16th Floor
      New York, NY  10006
      Telephone: 212.509.9400
      Toll Free Phone: 800.437.7040
      Facsimile: 212.509.9492